UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUXILIO INC.,

    Plaintiff,

vs.

ROMULUS COMMUNITY
SCHOOLS, et al.,

    Defendants.

_____/

Civil Action No. 22-CV-11695

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR A
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

This matter is presently before the Court on plaintiff's motion for a temporary restraining order ("TRO") and preliminary injunction. (ECF No. 14). For the following reasons, the Court shall deny the motion.

**I.   Background**

This is essentially a contract dispute. Plaintiff Auxilio Inc. ("Auxilio") is a transportation services company that is headquartered in Ohio and incorporated in Delaware, but conducts business in several Michigan counties. (ECF No. 12, PageID.90, ¶ 1). Defendants include Romulus Community Schools ("Romulus Schools") and four co-defendants (two individuals and two entities) that provide relevant accounting and financial review services for Romulus Schools. (*Id*., PageID.90-91, ¶¶ 2-6).

Plaintiff alleges that in June 2018, Auxilio entered into a transportation contract with Romulus Schools to provide daily and specialized bus services as well as transportation-related management/supervision services, training, qualifications, safeguards, and background checks. (*Id*., PageID.92-93, ¶¶ 9-12). Under the terms of the parties' contract, plaintiff was to bill Romulus Schools

every two weeks, and Romulus Schools was to remit payment upon receipt.  (*Id*., PageID.93, ¶ 13). Any disputes about invoice accuracy were to be raised through written notice within ten business days of receipt.  (*Id*.) (quoting ECF No. 12-2, PageID.133, § 1.5).  Plaintiff states that the contract could not be "shortened or canceled without cause and without prior opportunity for [plaintiff] to right any breach."  (*Id*., PageID.94, ¶ 14) (quoting ECF No. 12-2, PageID.131, § D.1).  Plaintiff adds that following the summer of 2021, Romulus Schools agreed to pay certain bonuses and expenses for Auxilio employees. (*Id*., PageID.96-97, ¶¶ 25-26).

Plaintiff's amended complaint alleges that (1) Auxilio has not been paid for its transportation services since April 2022; (2) the funds owed are being wrongfully withheld based on Romulus Schools' erroneous conclusion that plaintiff overcharged; (4) certain owed bonuses and expenses remain unpaid, and (4) Romulus Schools is disputing previously-paid invoices well past the contractually established ten-day review period.  (*Id*., PageID.98-99, 103-04, ¶¶ 31-38, 49-51). Despite these alleged contractual breaches, plaintiff states that it has continued to provide its transportation services in reliance on Romulus Schools' excuses and promises.  (*Id*., PageID.100, ¶¶ 39-40).  Plaintiff further alleges that the individual defendants and other school district personnel have made various false and defamatory statements, including indicating that Romulus Schools intends to imminently terminate its contract with plaintiff.  (*Id*., PageID.105-07, ¶¶ 56-63).  Defendants have also allegedly "taken steps" to recruit plaintiff's employees to work for Romulus Schools in-house.  (*Id*., PageID.108, ¶¶ 65-66).  Plaintiff asserts that these statements and actions have negatively affected plaintiff's goodwill with its own employees and the broader community.  (*Id*., PageID.105, ¶ 56).  The complaint contains eleven substantive counts claiming account stated, breach of contract, unjust enrichment, promissory estoppel, fraudulent inducement, defamation, tortious interference, and conversion.  Plaintiff seeks declaratory and injunctive relief as well as compensatory damages.  (*Id*.,

PageID.112-24, ¶¶ 80-143).

**II. Motion for Temporary Restraining Order and Preliminary Injunction**

In the instant motion, plaintiff contends that Romulus Schools aims

> to pretextually extricate itself from the parties' Transportation Contract, through manufactured 'breaches' and excuses, so that it can thereafter raid Auxilio, hire Auxilio's school bus drivers for itself, take the school busing services that Auxilio is now performing for Romulus Schools away from Auxilio, and go in-house, in violation of the parties' Transportation Contract.

(ECF No. 14, PageID.184). Plaintiff asserts that to achieve these goals, Romulus Schools is attempting to unilaterally terminate the parties' contract, wrongfully accusing plaintiff of overcharging for its services, publicly demeaning plaintiff's business, withholding payments, and interfering with plaintiff's employees. (*Id.*, PageID.184-85). Plaintiff seeks an injunction restraining defendants from engaging in this conduct and requests that the Court enter an "affirmative injunction requiring Romulus Schools to immediately pay Auxilio all amounts currently due[] and to timely make its ordinary course of business payments under the Transportation Contract." (*Id.*, PageID.185).

**III. Legal Standard**

In deciding whether to issue a TRO or a preliminary injunction, courts generally consider four factors:

> (1) whether the movant has demonstrated a substantial likelihood of success on the merits, (2) whether the movant will suffer irreparable injury absent injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether the public interest will be served by an injunction. These factors are not prerequisites, but are factors that are to be balanced against each other.

*Flight Options, LLC v. Int'l Bhd. of Teamsters, Loc. 1108*, 863 F.3d 529, 540 (6th Cir. 2017) (internal quotation marks and citations omitted). *See also Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (stating that a court considers the same factors when determining whether to issue a

TRO or a preliminary injunction). Entering a TRO or preliminary injunction "is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The proof required to obtain such relief "is much more stringent than the proof required to survive a summary judgment motion." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012)

IV. Analysis

In the present case, the Court concludes that the requested extraordinary relief is not warranted. As the Sixth Circuit has explained:

> Courts sometimes describe th[e TRO/preliminary injunction] inquiry as a balancing test. *See, e.g., Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007); *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992). And that's true, to an extent; district courts weigh the strength of the four factors against one another. But even the strongest showing on the other three factors cannot "eliminate the irreparable harm requirement." *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982). That factor is indispensable: If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief now as opposed to at the end of the lawsuit. *See id*. at 103; *see also* Wright et al., *supra*, § 2948.1 (Irreparable injury is "[p]erhaps the single most important prerequisite for the issuance of a preliminary injunction[.]"). That's why this circuit has held that a district court abuses its discretion "when it grants a preliminary injunction without making specific findings of irreparable injury[.]" *Friendship Materials*, 679 F.2d at 105. Thus, although the extent of an injury may be balanced against other factors, the existence of an irreparable injury is mandatory.

*D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 326-27 (6th Cir. 2019). "[A] plaintiff *must* present the existence of an irreparable injury to get a preliminary injunction. Thus, a district court is well within its province when it denies a preliminary injunction based solely on the lack of an irreparable injury." *Id*. at 327 (internal quotation marks and citations omitted, emphasis in original).

Here, plaintiff has failed to present facts supporting a finding of irreparable harm. In the instant motion, plaintiff contends that

> immediate injunctive relief [is required] to prevent Defendants' acts from essentially ending Auxilio's business and causing catastrophic disruption to the educational system and Romulus Schools' students. Specifically, and unless Defendants are enjoined from their tortious behaviors and breaches of contractual and other obligations to Auxilio, Plaintiff will be irreparably harmed by (a) suffering a negative cash flow that will end or severely threaten its operations; (b) jeopardizing its line of credit necessary to continue its operations; (c) losing trained and skilled school bus drivers, who are not likely to ever return to Auxilio in the future; and (d) compromising Auxilio's ability to meet its contractual obligations with/to its vendors, customers, and own employees.

(ECF No. 14, PageID.177-78). Plaintiff also asserts that defendants' allegedly defamatory statements and public indications that they intend to unilaterally terminate the parties' contract have "tarnished [plaintiff's] reputation" and resulted in a loss of goodwill "in the business, with [plaintiff's] own employees, and in the community." (*Id.*, PageID.191).

Accepting these allegations as true, plaintiff has certainly suffered harm as a result of defendants' actions. However, based on the evidence presented, plaintiff's injuries are entirely reparable. "A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 578. As of the filing of the amended complaint, on September 19, 2022, plaintiff calculated the amount due and owing to be $642,595.74. (ECF No. 12, PageID.105, ¶ 55). This number may not account for the alleged harm to plaintiff's business reputation, but that too can be quantified.

While the Sixth Circuit has stated that "the impending loss or financial ruin" of a plaintiff's business "constitutes irreparable injury," *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1383 (6th Cir. 1995), the Court cannot conclude that plaintiff is facing

5

such a fate based on the evidence presented. In the instant motion, plaintiff asserts that, absent an injunction, defendants' actions "could completely wipe Auxilio out, and could lead to Auxilio's financial collapse or insolvency," (ECF No. 14, PageID.193, 203) (quoting *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 924 (6th Cir. 1978)), but plaintiff has failed to present any evidence in support of that statement. Rather, the instant motion merely cites the attached declaration of plaintiff's chief executive officer stating the same. (ECF No.14-1, PageID.221, ¶ 58). Given the lack of financial evidence or any specific factual basis for this assertion, the Court concludes that plaintiff has failed to demonstrate imminent financial ruin.

Because the harm alleged is fully compensable, plaintiff has failed to carry its burden of proving that the circumstances clearly demand the extraordinary remedy of an immediate injunction. Accordingly,

IT IS ORDERED that plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 14) is denied.

                s/Bernard A. Friedman
                Hon. Bernard A. Friedman
                Senior United States District Judge

Dated: October 3, 2022
       Detroit, Michigan