UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUXILIO INC.,

      Plaintiff,

vs.

ROMULUS COMMUNITY SCHOOLS,
et al.,

      Defendants,

Civil Action No. 22-cv-11695
HON. BERNARD A. FRIEDMAN

_____/

## OPINION AND ORDER GRANTING IN PART ROMULUS COMMUNITY SCHOOLS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

This matter is before the Court on defendant Romulus Community Schools' motion for partial judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF No. 25). Plaintiff Auxilio Inc. has filed a response, and Romulus Schools has replied. (ECF Nos. 31, 35). Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall grant the motion in part and deny the motion in part.

I.   Background

On September 19, 2022, Auxilio filed the operative amended complaint against Romulus Community Schools, Sarah Jennings, Maner Costerisan, Casey Zaski, and Zaski Accounting, LLC. (ECF No. 12).

The Court recently summarized the case as follows:

> This is essentially a contract dispute. Plaintiff Auxilio Inc. ("Auxilio") is a transportation services company that is headquartered in Ohio and incorporated in Delaware, but conducts business in several Michigan counties. (ECF No. 12, PageID.90, ¶ 1). Defendants include Romulus Community Schools ("Romulus Schools") and four co-defendants (two individuals and two entities) that provide relevant accounting and financial review services for Romulus Schools. (*Id.*, PageID.90-91, ¶¶ 2-6).
>
> Plaintiff alleges that in June 2018, Auxilio entered into a transportation contract with Romulus Schools to provide daily and specialized bus services as well as transportation-related management/supervision services, training, qualifications, safeguards, and background checks. (*Id.*, PageID.92-93, ¶¶ 9-12). Under the terms of the parties' contract, plaintiff was to bill Romulus Schools every two weeks, and Romulus Schools was to remit payment upon receipt. (*Id.*, PageID.93, ¶ 13). Any disputes about invoice accuracy were to be raised through written notice within ten business days of receipt. (*Id.*) (quoting ECF No. 12-2, PageID.133, § 1.5). Plaintiff states that the contract could not be "shortened or canceled without cause and without prior opportunity for [plaintiff] to right any breach." (*Id.*, PageID.94, ¶ 14) (quoting ECF No. 12-2, PageID.131, § D.1). Plaintiff adds that following the summer of 2021, Romulus Schools agreed to pay certain bonuses and expenses for Auxilio employees. (*Id.*, PageID.96-97, ¶¶ 25-26).
>
> Plaintiff's amended complaint alleges that (1) Auxilio has not been paid for invoices submitted between April 4, 2022, and July 11, 2022, nor for an invoice dated July 15, 2022; (2) the funds owed are being wrongfully withheld based on Romulus Schools' erroneous conclusion that plaintiff overcharged; ([3]) certain owed bonuses and expenses remain unpaid, and ([4]) Romulus Schools is disputing previously-paid invoices well past the mutually established ten-day review period. (*Id.*, PageID.98-99, 103-104, ¶¶ 31-38, 49-51). Despite these alleged contractual breaches, plaintiff states that it has continued to provide its transportation services in reliance on Romulus Schools' excuses and promises. (*Id.*, PageID.100, ¶¶ 39-40). Plaintiff further alleges that the individual defendants and other school district personnel have made various false and defamatory statements, including indicating that Romulus Schools intends to imminently

> terminate its contract with plaintiff. (*Id.*, PageID.105-07, ¶¶ 56-63). Defendants have also allegedly "taken steps" to recruit plaintiff's employees to work for Romulus Schools in-house. (*Id.*, PageID.108, ¶¶ 65-66). Plaintiff asserts that these statements and actions have negatively affected plaintiff's goodwill with its own employees and the broader community. (*Id.*, PageID.105, ¶56). The complaint contains eleven substantive counts claiming account stated, breach of contract, unjust enrichment, promissory estoppel, fraudulent inducement, defamation, tortious interference, and conversion. Plaintiff seeks declaratory and injunctive relief as well as compensatory damages. (*Id.*, PageID.112-24, ¶¶ 80-143).

(ECF No. 37, PageID.574-575) (cleaned up). Most recently, the Court dismissed the causes of action asserted against defendants Sarah Jennings and Maner Costerisan, finding that the claims were precluded by Mich. Comp. Laws § 600.2962. (ECF No. 37). Now, defendant Romulus Schools has moved for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

The amended complaint includes eleven substantive counts as well as a claim for declaratory relief, but it is not facially clear which counts are brought against which defendants. (ECF No. 12, PageID.112-127). Romulus Schools asserts that counts one through eight and ten through twelve have been brought against it. (ECF No. 25, PageID. 365-66). But Auxilio indicates that only counts one through seven and ten through twelve are asserted against Romulus Schools. (ECF No. 31, PageID.465-66). Romulus Schools does not seek judgment on the pleadings as to counts one, four and twelve. (ECF No. 25, PageID.366). Taking into account Auxilio's assertion that count eight has not been raised against

3

Romulus Schools, presently before the Court is a motion for judgment on the pleadings by Romulus Schools with regard to counts:

- two (account stated – bonuses and expenses)
- three (unjust enrichment)
- five (breach of contract – bonuses and expenses)
- six (promissory estoppel)
- seven (fraudulent inducement)
- ten (tortious interference with employment relationship) and
- eleven (conversion/civil theft)

(*see* ECF No. 12, PageID.113-127).

And finally, Romulus Schools argues that Auxilio "is currently pursuing these *same* claims in a *state* court lawsuit" and that Romulus Schools has filed a similar motion to dismiss in that case, for which oral argument was scheduled for November 30, 2022. (ECF No. 25, PageID.365, n.1). Auxilio disputes that they are the "same" claims. (ECF No. 31, PageID.473). Neither side, however, suggests that the Court should abstain from ruling on the matters before it or otherwise discusses what impact such state court proceedings would have on the present case.

## II. Legal Standard

A Rule 12(c) motion and a Rule 12(b)(6) motion are generally evaluated using the same standard. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). A motion to dismiss under Rule 12(b)(6) is properly granted if the complaint fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). The Court construes the complaint in the light most favorable to the plaintiff, presumes the truth of all factual assertions, and draws every reasonable inference in favor of the plaintiff. *Bassett v. N.C.A.A.*, 528 F.3d 426, 430 (6th Cir. 2008). But the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. On a motion to dismiss, the Court may consider "the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Basset*, 528 F.3d at 430.

"A federal court sitting in diversity applies the substantive law of the forum state." *Adkins v. Chrysler Fin. Corp.*, 344 F. App'x 144, 147 (6th Cir. 2009). "When deciding a diversity case under state law, a federal court must apply the law of the state's highest court. If, however, the state's highest court has not decided the applicable law, then the federal court must ascertain the state law from all

5

relevant data," which include judgments from the state appellate court. *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995) (cleaned up).

III. Analysis

A. Counts ten and eleven are barred by governmental immunity

Romulus Schools first argues that Auxilio's tort claims are barred by governmental immunity, citing Mich. Comp. Laws §§ 691.1401([e]),[1] 691.1407(1). (ECF No. 25, PageID.382). Collectively, with other provisions, these establish that a "governmental agency" includes a "political subdivision," § 691.1401(a); a school district is a "political subdivision," § 691.1401(e); and "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function," § 691.1407(1). A "governmental function" is defined as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." § 691.1401(b). Urging that the term "governmental function" must be broadly construed and determined by reference to the general activity rather than specific conduct, Romulus Schools urges that tort claims aimed "at a core public service (e.g., the operation of a school district)" are subject to dismissal on the

---

[1] The citation is to subsection (f), which defines a sidewalk. The Court assumes this is a clerical error, and that the correct citation is to subsection (e), defining a political subdivision.

6

basis of immunity.  (ECF No. 25, PageID.382-83).  On this basis, Romulus Schools urges that count ten (tortious interference with employment relationship) and count eleven (conversion/civil theft) are barred by governmental immunity.[2]

Auxilio provides two responses.  With regard to count ten, Auxilio first argues that governmental entities "are not immune from property damage arising out of their proprietary functions – which is exactly what Auxilio is claiming." (ECF No. 31, PageID.479).  Auxilio cites Mich. Comp. Laws § 691.1413, which provides:

> The immunity of the governmental agency shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as defined in this section. Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees. No action shall be brought against the governmental agency for injury or property damage arising out of the operation of proprietary function, except for injury or loss suffered on or after July 1, 1965.

Auxilio refers the Court to *Lawrence G. Wolf Capital Management Trust Agreement v. City of Ferndale*, 713 N.W.2d 274 (Mich. Ct. App. 2005) for the proposition that "tortious interference claims for economic loss are claims for property damage."  (ECF No. 31, PageID.479).  In *Wolf*, plaintiffs owned a

---

[2] On the same grounds, Romulus Schools urges that count eight (defamation) is barred.  However, as indicated above, Auxilio has clarified that count eight is not brought against Romulus Schools, so this is a moot point in the context of this motion brought by Romulus Schools.

7

building and alleged that defendant city tortiously interfered with their established and prospective business relationships with AT&T by wrongfully denying a special use variance to a city ordinance so that the city could intercept plaintiff's negotiated deal with AT&T and instead itself lease space for a cellular tower to the company. 713 N.W.2d at 278. The Michigan Court of Appeals found that this had sufficiently alleged a cause of action within the proprietary function exception to general governmental immunity. *Id.* ("Plaintiffs' alleged 'property damage' was the harm or injury to their right of lawful, unrestricted use of their res for the particular business purpose that they had negotiated.").

Here, the Court is not entirely persuaded that Auxilio's relationship with its employees would be sufficiently analogous to unrestricted use of the property to make *Wolf* applicable. But more fundamentally, there is no indication that Romulus Schools is engaged in a "proprietary function." A proprietary function is "any activity which is conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees." § 691.1413. Although Auxilio alleges that Romulus Schools is attempting to bring transportation services "in house," (ECF No. 12, PageID.108), there is no indication that providing transportation services is "conducted primarily for the purpose of producing a pecuniary profit" for the District. § 691.1413. And nor is there any suggestion that transportation services,

8

or even labor generally, are not "normally supported by taxes or fees." § 691.1413.  The proprietary function exception to general immunity is inapplicable.

Next, with regard to count ten, Auxilio argues that governmental immunity does not apply to claims for equitable relief. (ECF No. 31, PageID.481).  Noting that this Court previously denied a motion for a temporary restraining order, Auxilio states that it "has sought equitable relief on its tortious interference claims" and "intends to seek this Court's assistance in preventing further disintermediation and other tortious conduct by Romulus Schools."  (*Id.*, PageID.482) (citing ECF No. 12, PageID.125).  The Court agrees that Auxilio has sought equitable relief, but it seeks such relief through count twelve (declaratory judgment), not count ten. (ECF No. 12, PageID.124-26).[3]  Romulus Schools does not seek partial judgment on the pleadings with regard to count twelve.  (ECF No. 25, PageID.366).

Auxilio does not appear to raise any arguments to rebut the District's argument that governmental immunity also bars count eleven.  Counts ten (tortious interference with an employment relationship) and eleven (conversion/civil theft) are barred by governmental immunity.

---

[3] In so far as Auxilio intends this argument to be a reference to the phrase ". . . and for such other relief that this Court deems just and equitable," (ECF No. 12, PageID.125), that catchall is insufficient to convert count ten into a claim for equitable relief.

B.      Counts two and five will not be dismissed

Next, Romulus Schools urges that Auxilio has failed to state a claim for either contract or account stated for bonuses and expenses. (ECF No. 25, PageID.393). Acknowledging Auxilio's attempt to "enforce an alleged agreement for the payment of so-called bonuses and expenses," Romulus Schools states that "no such obligation can be found within the parties' Agreement, and this Court lacks the power to create one at this juncture." (*Id.*, PageID.394) (cleaned up). The District goes on: "[i]n point of fact, [Romulus Schools] never agreed and/or promised to pay 'bonuses and expenses' to Auxilio; rather, Plaintiff and its attorneys have invented this novel obligation out of thin air and from whole cloth." (*Id.*).

In response, Auxilio urges that its claims for bonus and expense reimbursement (counts two and five) are not based on the transportation contract; rather the reimbursement was "agreed to in summer of 2021, well after the [transportation contract] was entered – and constitutes a separate contract between the parties." (ECF No. 31, PageID.489) (cleaned up). Furthermore, Auxilio urges that this request is "frivolous," given that in evaluating the motion the Court must accept all well-pleaded factual allegations as true. (*Id.*).

The Court agrees with Auxilio on this point. Count two is for account stated – bonuses and expenses. (ECF No. 12, PageID.113). Count five is for breach of

10

contract – bonuses and expenses. (*Id.*, PageID.116). Earlier sections of the amended complaint make clear that the alleged agreement to pay bonuses and expenses occurred separate and apart from the initial transportation agreement. (*see id.*, PageID.96-97, ¶ 25).

At this stage of the proceedings, the Court construes the complaint in the light most favorable to the plaintiff, presumes the truth of all factual assertions, and draws every reasonable inference in favor of the plaintiff. *Bassett*, 528 F.3d at 430. Auxilio has plausibly pled the existence of an agreement to pay bonuses and expenses. (*See, e.g.*, ECF No. 12, PageID.96-97, ¶ 25). Although Romulus Schools asserts that in "point of fact, RCS never agreed and/or promised to pay 'bonuses and expenses to Auxilio," (ECF No. 25, PageID.394), the Court presumes the truth of all factual assertions in the complaint. Counts two and five are not dismissed for failure to state a claim.

### C. Counts three and six will not be dismissed

Romulus Schools next argues that Auxilio has failed to sufficiently plead the quasi-contract claims in counts three (unjust enrichment) and six (promissory estoppel). (ECF No. 25, PageID.394-96). First, the District urges that counts three and six "merely restate [Auxilio's] contract and account stated claims," (ECF No. 25, PageID.396), and are thus barred under *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003), which holds that a court will only

imply a contract if no express contract exists covering the same subject matter. While it is true that counts three and six address the same subject matter as other counts for breach of contract and account stated (counts two, four, and five), as Auxilio points out, alternative pleading is permitted. Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Particularly where the District denies the existence of an agreement to pay bonuses and expenses, (ECF No. 25, PageID.394), the Court will not, at this stage of the proceedings, dismiss alternative claims. *Solo v. United Parcel Serv. Co.*, 819 F.3d 788, 796 (6th Cir. 2016).

Second, Romulus Schools argues that count six (promissory estoppel related to payment of bonuses and expenses), is defective because it relies on alleged verbal statements of the District's agents; a Michigan School District can only act through a written contract or action by the school board; and thus any reliance on the verbal statements was objectively unreasonable, defeating a claim for promissory estoppel. (ECF No. 25, PageID.395-96).

A claim for promissory estoppel requires a showing of

> (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of

the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided.

*Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 552 (Mich. Ct. App. 1999). As a preliminary item, the Court notes that the focus is not whether the promissee, Auxilio, reasonably relied on the alleged promise but rather whether the promisor, Romulus Schools, should have reasonably expected Auxilio to rely on such promises.

The District points to *Martin v. East Lansing School District.*, 483 N.W.2d 656, 662 (Mich. Ct. App. 1992), for the proposition that "a Michigan School District can only act by way of a written contract or action by the school board itself." (ECF No. 25, PageID.396) (cleaned up). But *Martin* addressed a situation in which a specific statute required that contracts between teachers and boards of education must be in writing and signed by the proper entity. 483 N.W.2d at 662. The Michigan Court of Appeals accordingly held that "[t]o allow verbal representations by staff administrators to bind the district without a written contract or action by the board itself would be to ignore the statute." *Id.* Here, by contrast, Romulus Schools has not pointed to any statute that requires written action by the school board. And furthermore, Auxilio has alleged that "[u]pon information and belief, the payment of bonuses and expenses was approved by the School Board." (ECF No. 12, PageID.97).

13

The Court will not dismiss count three or count six on these grounds.

D. Count seven will not be dismissed

Finally, Romulus Schools argues that Auxilio has failed to state a viable fraud claim [count seven: fraudulent inducement]. (ECF No. 25, PageID.396). The District urges that the amended complaint fails to state with particularity the circumstances constituting fraud as required under Fed. R. Civ. P. 9(b) as it allegedly fails to identify (a) any specific statements, (b) specific speakers, or (c) concerted action by defendants to advance the alleged fraud. (*Id.*, PageID.397-98). The District also objects to "imprecise group pleading" as it fails to satisfy the particularity requirement as to each defendant. (*Id.*).

Auxilio responds that Rule 9(b) should be ready liberally and that "[t]here is no question that Romulus Schools has been fairly appraised of the circumstances of the alleged misrepresentations that form the basis of the fraudulent inducement claim." (ECF No. 31, PageID.491-92) (citing ECF No. 12, PageID.98, 119, ¶¶ 32, 116).

Under Fed. R. Civ. P. 9(b), a federal complaint alleging fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th

14

Cir. 2008) (cleaned up). "At a minimum, Plaintiffs must allege the time, place, and contents of the misrepresentations upon which they relied." *Id.* at 570. However:

> it is a principle of basic fairness that a plaintiff should have an opportunity to flesh out her claim through evidence unturned in discovery. Rule 9(b) does not require omniscience; rather the Rule requires that the circumstances of the fraud be pled with enough specificity to put defendants on notice as to the nature of the claim.

*Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 803 (6th Cir. 2012) (cleaned up).

Here the amended complaint alleges that "Romulus Schools" provided several excuses for the delay in payment, and that "[t]hese statements were made by multiple representatives, agents, employees, and consultants of [sic] hired by Romulus Schools, including but not limited to Defendant Zaski." (ECF No. 12, PageID.98, ¶ 32). Count seven alleges that "[b]etween April and July 2022, Defendants made material representations to Auxilio that they would pay or direct payments to Auxilio for the services rendered under the Transportation Contract for invoices submitted between April 4, 2022, and July 11, 2022." (*Id.*, PageID.119, ¶ 116). These allegations are sufficient for purposes of Rule 9(b). The amended complaint provides the content of the alleged fraud and specifies that it occurred between April and July 2022, and it alleges that defendant Romulus Schools made the statements through representatives, agents, employees, and consultants. (ECF No. 12, PageID.98, 119, ¶¶ 32, 116). At this juncture, the

amended complaint provides sufficient notice of the nature of the fraud claim to allow the District to file an answer, which it has done. (ECF No. 34); *U. S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504 (6th Cir. 2008) ("So long as [plaintiff] pleads sufficient detail . . . to allow the defendant to prepare a responsive pleading, the requirements of Rule 9(b) will generally be met."). Count seven will not be dismissed for lack of particularity.

As a final argument, Romulus Schools urges that count seven (fraudulent inducement) fails because it is duplicative, and under Michigan law, fraud claims that are indistinguishable from a party's contract claim are subject to dismissal. (ECF No. 25, PageID.398-99). The District urges that the fraud claim is "completely indistinguishable from its contract . . . and account stated claims." (*Id.*). In response, Auxilio urges that the fraudulent inducement claim is *not* duplicative of the contract claim because "Romulus Schools induced Auxilio to extend a credit to it and to continue to provide services *after* the breach occurred, to induce additional benefits, including the extension of credit to Romulus Schools." (ECF No. 31, PageID.493).

Where "there is no way to characterize these identical allegations as separate claims for breach of contract and fraudulent inducement," a court must "dismiss the fraud claim to prevent contract law from drowning in a sea of tort." *General Motors Cop. v. Alumi-Bunk, Inc.*, 757 N.W.2d 859, 860 (Mich. 2008) (Young, J.,

concurring) (cleaned up); *Huron Tool & Eng'g Co. v. Precision Consulting Servs., Inc.*, 532 N.W.2d 541, 546 (Mich. Ct. App. 1995) ("We hold that plaintiff may only pursue a claim for fraud in the inducement extraneous to the alleged breach of contract.").

This presents a very close call. The substance of the allegations of count four (breach of contract) facially seems to overlap with the substance of the allegations in count seven (fraudulent inducement). However, the Court believes that Auxilio should have the opportunity to develop any distinction between these claims through discovery. Count seven will not be dismissed as duplicative at this juncture.

IV. Conclusion

In conclusion, counts ten (tortious interference with employment relationship) and eleven (conversion/civil theft) are barred by governmental immunity. All other claims against Romulus Schools remain intact: count one (account stated – transportation services), count two (account stated – bonuses and expenses), count three (unjust enrichment), count four (breach of contract), count five (breach of contract – bonuses and expenses), count six (promissory estoppel), count seven (fraudulent inducement), and count twelve (declaratory judgment). Accordingly,

IT IS ORDERED that the motion for judgment on the pleadings filed by Romulus Schools (ECF No. 25) is GRANTED IN PART AND DENIED IN PART. Specifically: counts ten and eleven are dismissed against Romulus Schools. All other counts against Romulus Schools, including those not challenged by this motion, remain (that is: counts one, two, three, four, five, six, seven, and twelve).

**IT IS SO ORDERED.**

                                                            s/Bernard A. Friedman
                                                            Hon. Bernard A. Friedman
                                                            Senior United States District Judge

Dated: January 27, 2023
       Detroit, Michigan